UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CHARLES BLAKEY                                                                          PLAINTIFF

v.                          LEAD CASE:  CIVIL ACTION NO. 5:07CV-P119-R
                            (MEMBER CASE: CIVIL ACTION NO. 5:07CV-P167-R)

LT. CHAD KNIGHT *et al.*                                                           DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Charles Blakey filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in each of the above-referenced actions.  This matter is before the Court for screening of the complaints pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, a portion of the claims will be dismissed and a portion will proceed.

**I. SUMMARY OF CLAIMS**[1]

Plaintiff filed this action against the following five Kentucky State Penitentiary officers in both their official and individual capacities:[2]  Lt. Chad Knight, Sgt. Tim Hawkins, and Corrections Officers Derail Munsell, Edwards, and Leonard.  He seeks monetary and punitive damages and injunctive relief in the form of release from segregation and return of non-restorable good-time credits.

Plaintiff alleges that he is mentally ill and was harassed, assaulted, stripped of his clothing, and forced to sleep on the concrete floor with no clothing by Defendants between October 2006 and January 2007 and that Defendant Leonard destroyed/threw away his mail.  He

---

[1]The two cases listed in the caption were consolidated by prior Order.  The summary of claims is taken from a review of the complaints from both actions.

[2]In the complaint filed in the lead case, Plaintiff indicated that he was suing Defendants Knight, Munsell, and Hawkins in their individual and official capacities but failed to indicate in which capacity he was suing Defendants Edwards and Leonard.  In the member case, however, Plaintiff clearly indicates his intent to sue all Defendants in both capacities.

additionally reports that he was "denied state soap"; that he "had problems with his meals . . . had to eat with [his] hands on several occasions"; that he was "denied the proper hygiene items to take a shower"; that his religious materials and personal writings were destroyed; and that his grievances never made it to committee.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, __,127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

**A.     Injunctive relief**

**1. Release from segregation**

As part of his relief, Plaintiff asks to be released from segregation.  Beyond the simple fact that he apparently has been placed in disciplinary segregation, Plaintiff asserts no additional facts which illustrate how his particular confinement itself imposes "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Absent such showing, Plaintiff is not entitled to due process protection, and his request for equitable relief must be dismissed.

**2. Return of non-restorable good-time credits**

Plaintiff seeks return of non-restorable good-time credits but challenges no process or procedures under which they were taken.  He has, therefore, wholly failed to assert any

cognizable due process claim under § 1983 as relates to the return of those credits. In addition, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because a return of good-time credits would result in Plaintiff's "speedier release" from imprisonment, he must file a habeas action following exhaustion of available state court remedies.

**B.    Damages**

### 1. Official-capacity claims for damages

The Court will dismiss these claims on two bases. First, Defendants, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, none of the Defendants sued in their official capacities for damages are "persons" subject to suit within the meaning of § 1983. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

Consequently, the § 1983 official-capacity claims for damages against all Defendants in their official capacities for damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### 2. Individual-capacity claims for damages

#### a. Conditions of confinement

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "To the extent that [] conditions [of confinement] are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff broadly alleges that he was denied "proper hygiene items" and "state soap." He alleges no facts (such as the length and extent of the denial), however, which would suggest "serious deprivation of basic human needs" or "the wanton and unnecessary infliction of pain," that constitutes cruel and unusual punishment. *Id.* Moreover, while "deliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment," *Cunningham v. Jones*, 567 F.2d 653, 656, 660 (6th Cir. 1977), Plaintiff makes no such sweeping allegations. Rather, he complains only that "I had problems with my meals served to me. I had to eat with my hands on several occasions." He fails to alleged that he was denied sufficiently nutritious meals for any appreciable amount of time. *See Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977) ("A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required."). For these reasons, the foregoing conditions-of-confinement claims will be dismissed.

#### b. Destruction of property

Plaintiff claims that his religious materials and personal writings were destroyed. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or

intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (*rev'd on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986)). In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post deprivation procedures are inadequate to remedy the deprivation. *Parratt,* 451 U.S. 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Thus, any due process challenge fails.

Further, because Plaintiff does not contend that he was prevented him from exercising his religion, he has stated no First Amendment claim.

Accordingly, the claims that his religious materials and personal writings were destroyed will be dismissed for failure to state a claim upon which relief may be granted.

### c. Grievance process

Plaintiff complains that his grievances never made it to committee. "Prison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citing *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Adams v. Rice*, 40 F.3d 72, 75

(4th Cir.1994); *see also Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991). Therefore, a failure to follow the grievance procedures does not give rise to a § 1983 claim, *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982), warranting dismissal of that claim.

### d. Remaining claims

Finally, alleging First and Eighth Amendment violations, Plaintiff contends that he was harassed, assaulted, stripped of his clothing, and forced to sleep on the concrete floor with no clothing by Defendants between October 2006 and January 2007 and that Defendant Leonard destroyed/threw away his mail. Upon consideration, the Court will allow the damages claims to proceed against all Defendants in their individual capacities. In permitting these claims to proceed, the Court passes no judgment on the ultimate outcome of the action.

The Court will enter a separate Scheduling Order governing the development of the remaining claims and will enter a separate Order dismissing all other claims.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005