## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**CHARLES BLAKEY**                                                                                       **PLAINTIFF**

**v.**                           **LEAD CASE: CIVIL ACTION NO. 5:07CV-P119-R**
                                 **(MEMBER CASE: CIVIL ACTION NO. 5:07CV-P167-R)**

**LT. CHAD KNIGHT** *et al.*                                                                             **DEFENDANTS**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for production of documentation (DN 47) and motion for discovery (DN 48). Defendants did not respond.

In the motion for production of documentation, Plaintiff asks the Court to "give the Kentucky State Penitentiary the right to have Plaintiff to retrieve all relevant documents that are due for this case to act in Discovery." He also asks the Court to inspect "the cell entry tapes in camera review . . . so that the Plaintiff can prove his claim." In the motion for discovery, Plaintiff seeks "letters that are now in Plaintiffs Institutional file and copies of the cell entries that were supoena to the Courts that are only for viewing for the Plaintiff"; "a list of witnesses to be cross examined by the Plaintiff for cause to show that Issues will back his claim"; "to call witness Tammy Darnell Sgt., Dr. Reaney, William Dempsie and James Sneed"; and "the number of displinary reports that are a show of continuence of harrasssment and grievances that were filed."

By Order entered , the Court amended the scheduling deadlines in this case and, with respect to discovery, ordered as follows:

> The parties shall complete all pretrial discovery herein no later than **October 30, 2009**. As a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records or documentation which are relevant to the claims set forth in this complaint. Counsel shall certify that the production is complete. Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation

relevant to his claims. He shall certify that production is complete. A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d). *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.").

Review of the record reveals that despite expiration of the October 30, 2009, discovery deadline, neither Plaintiff nor Defendants have filed a certification with the Court that the production of all records or documentation which are relevant to the claims set forth in the complaint is complete. It is likely that the letters in Plaintiff's institutional file, grievances, and disciplinary reports are part of the discovery Defendants are obligated to provide Plaintiff in compliance with the Court's Order. It is unclear what Plaintiff seeks in requesting "cell entries that were supoena to the Courts." It is also unclear what, if anything, Plaintiff seeks in stating that he would like to call witnesses Darnell, Dr. Reaney, Dempsie, and Sneed. It may be that this is a statement of whom he intends to call as witnesses at a trial, should the case proceed to that stage. As to Plaintiff's request for "a list of witness to be cross examined," this case is not set for trial; thus the Court has not requested that a witness list be prepared. Finally, any request for *in camera* review of tapes by the Court is premature. This is a request the Court would consider when considering a motion for summary judgment.

For these reasons, **IT IS ORDERED** that Plaintiff's motions for production of documentation and discovery (DNs 47 & 48) are **DENIED**.

The Court advises the *pro se* Plaintiff that before involving the Court in discovery matters, he must first request any discovery material directly from the defendants (by way of interrogatories and requests for production of documents, for example). If dissatisfied with the response(s) or if receiving no response(s), he must attempt to contact and confer with

Defendants' counsel to resolve the matter as required by Fed. R. Civ. P. 37 and LR 37.1.  If the discovery matter cannot be resolved, only then shall Plaintiff involve the Court by filing a motion to compel under Fed. R. Civ. P. 37 along with a certification that he has in good faith conferred or attempted to confer with Defendants' counsel in an effort to obtain the requested discovery without Court action.

As discovery apparently is not complete in that neither Plaintiff nor Defendants have certified that production is complete, **IT IS ORDERED that the Scheduling Order is AMENDED** as follows:

1) The parties shall complete all pretrial discovery herein no later than **December 30, 2009**.  As a requirement of discovery, **Defendants' counsel shall produce to Plaintiff all records or documentation which are relevant to the claims set forth in this complaint.  Counsel shall notify both Plaintiff and the Court that production is complete by serving and filing a certification to that effect.**  Within the same time, **Plaintiff shall provide counsel for Defendants any records or documentation relevant to his claims.  Plaintiff shall notify both Defendants and the Court that production is complete by serving and filing a certification that production is complete.**  A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d).  *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing:  depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.").

2) No later than **January 29, 2010**, Plaintiff shall file a pretrial memorandum setting forth in detail all facts upon which he bases his claim in this matter against each Defendant.

3) No later than **March 1, 2010**, Defendants shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motions, including motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

4) Either party may file dispositive motions at any time after providing the discovery required above or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **March 1, 2010**.

Date:


cc: Plaintiff, *pro se*
     Counsel of Record
4413.005