# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:07-CV-119

**CHARLES BLAKEY**                                                                        **PLAINTIFF**

**v.**

**LT. CHAD KNIGHT, ET AL.**                                               **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court upon Defendants' Motion for Summary Judgment (Docket #51). Plaintiff has responded (Docket #57). Defendants have replied (Docket #58). This matter is now ripe for adjudication. For the following reasons, Defendants' Motion for Summary Judgment is GRANTED.

## BACKGROUND

Plaintiff is an inmate at the Kentucky State Penitentiary. Plaintiff filed this action against Defendants Lt. Chad Knight, Sgt. Tim Hawkins, and Corrections Officers Derail Munsell, A.G. Edwards, and Dennis Leonard pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was harassed, assaulted, stripped of his clothing, and forced to sleep on the floor with no clothing by Defendants between October 2006 and January 2007. He also alleges that Defendant Leonard destroyed/threw away his mail. Plaintiff sued Defendants in their individual and official capacities.

The Court conducted an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court dismissed Plaintiff's claims for injunctive relief and all official-capacity claims. The Court allowed Plaintiff's First and Eighth Amendment claims–that Plaintiff was harassed, assaulted, stripped of his clothing, forced to sleep on the concrete floor with no clothing, and that Defendant Leonard

destroyed/threw away Plaintiff's mail–to proceed against Defendants in their individual capacities.

Defendants have now moved for summary judgment. Defendants argue that Plaintiff has failed to exhaust his administrative remedies, Plaintiff's complaint fails to meet basic pleading standards, and that Plaintiff has failed to allege sufficient facts entitling him to relief.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys.*

*Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Defendants' first argument is that Plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) is applicable to this case as it applies to suits by prisoners concerning prison conditions. 42 U.S.C. § 1997e. The PLRA states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has explained "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all administrative remedies is mandatory and the remedies provided need not meet federal standards or be plain, speedy and effective. *Id.* at 524. Even if the relief sought is not available, exhaustion is still required. *Id.*; *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006). One purpose of this requirement is to give prison officials an opportunity to take corrective action and eliminate the need for a lawsuit. *Porter*, 534 U.S. at 525.

The PLRA not only requires exhaustion, but proper exhaustion. *Woodford*, 548 U.S. at 93. The Supreme Court explained "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Id.* at 90-91.

Plaintiff's complaint acknowledges that a grievance procedure exists at his institution.

Further, Plaintiff acknowledges in his complaint that he did not use the prisoner grievance procedure. Under the Inmate Grievance Procedure established by the Commonwealth of Kentucky, a prisoner may file a grievance relating to personal and social services needs, corrections policies and procedures, institutional policies and procedures, personal action by staff, staff conflict, or health care concerns. Ky. Corr. Policies and Procedures, 501 Ky. Admin. Regs. 6:020, no. 14.6 (2008). After filing a grievance, prison officials attempt to resolve the problem informally. *Id.* If this is unsuccessful, a prisoner may request a hearing before the Grievance Committee. *Id.* The Grievance Committee's decision may be appealed to the Warden. *Id.* Finally, the Warden's decision is appealed to the Commissioner. *Id.*

It is clear that Plaintiff's First Amendment claim is a grievable claim. Plaintiff's complaint deals with the personal actions of Defendant Leonard and the policies and procedures of the institution. Plaintiff has not presented any evidence that he filed a grievance to address the destruction of his mail. Therefore, Plaintiff failed to exhaust his administrative remedies, and his First Amendment claim does not survive summary judgment.

Plaintiff's Eighth Amendment claims are more difficult to assess, both because of the lack of factual information and the fact that Plaintiff's claims of cruel and unusual punishment are closely intertwined with disciplinary actions taken by Defendants. Defendants produced evidence of one grievance filed by Plaintiff, which was rejected because the allegations of excessive force and harassment were part of a prison disciplinary report. Disciplinary procedures are non-grievable under the Kentucky Corrections Policies and Procedures. 501 Ky. Admin. Regs. 6:020, no. 14.6 (2008).

Even assuming Plaintiff has exhausted his administrative remedies on his Eighth

Amendment claims, however, Plaintiff has not presented a genuine issue of material fact that his Eighth Amendment rights were violated. "After incarceration, only the 'unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (quoting *Ingraham v. Wright*, 430 U.S. 651 670 (1997) (internal quotation omitted)). To constitute cruel and unusual punishment, "conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Id.*

An Eighth Amendment claim is comprised of both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 833-36 (1994). The objective component requires the plaintiff to show that the deprivation or act was "sufficiently serious" to implicate the Eighth Amendment. *Id.* at 834. To be "sufficiently serious," the deprivation or act must deny the prisoner of "the minimal civilized measure of life's necessities," as defined by contemporary standards of decency. *Id.*; *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). "The Eighth Amendment's prohibition of "cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (quoting *Whitley*, 475 U.S. at 327 (internal quotation omitted)).

The subjective component requires the plaintiff to prove that the defendants possessed a culpable state of mind. When prison officials are accused of using excessive physical force in violation of the cruel and unusual punishments clause, the core judicial inquiry is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm.'" *Whitley*, 475 U.S. at 320-21 (quoting

*Johnson v. Glick*, 481 F.2d 1028, 1033 (2d. Cir. 1973)); *Hudson*, 503 U.S. at 7; *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992) ("[I]n the prison context, good faith use of physical force may be necessary to maintain prison security and discipline").

When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) extent of the injury suffered by the inmate, (2) the need for the application of force, (3) the relationship between such need and the force used, (4) the threat reasonably perceived by the prison official, and (5) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7 (citing *Whitley*, 475 U.S. at 321).

In considering these factors, the courts should accord deference to prison administrators "'in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security,'" and should not "freely substitute their judgment for that of officials who have made a considered choice." *Whitley*, 475 U.S. at 321-22 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). However, in determining "whether or not a constitutional violation ha[s] occurred, 'all the facts and circumstances surrounding the application of force must be scrutinized and weighed.'" *Williams*, 981 F.2d at 906 (quoting *Lewis v. Downs*, 774 F.2d 714 (6th Cir. 1985)).

Plaintiff describes the factual situations leading to his Eighth Amendment claims in his Pretrial Memorandum. First, he alleges that Defendant Knight "repeatedly harrassed [sic] Plaintiff by coming to Plaintiff's cell and picking arguments with Plaintiff in order to cause Plaintiff to cause a behavioral disturbance . . . ." Plaintiff's Pretrial Memorandum, p. 2. Assuming this allegation is true, it is not enough to rise to the level of an Eighth Amendment violation. "[H]arassment and verbal abuse . . . do not constitute the type of infliction of pain that

6

the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)). Likewise, Plaintiff's claim that Defendants Edwards, Hawkins, and Munsell violated his rights "by repeatedly coming into Plaintiff's cell just to harrass him in order to get him to cause a disturbance where they then striped him of his personels and forced him to sleep on a concrete floor without a matress" does not rise to the level of an Eighth Amendment violation. Plaintiff's Pretrial Memorandum, p. 2.

Plaintiff's final allegation is that Defendants Edwards, Hawkins, and Munsell "came into his cell a cell entry (non-move-team in place - reglar walk in) and while in the cell each officer repeatedly assaulted Plaintiff in the face . . . ." Plaintiff's Pretrial Memorandum, p. 2. The Court must ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 320-21). Admittedly, the facts in this case have not been presented in detail. Defendants contend that any alleged "assaults" were efforts to gain control of Plaintiff following cell entries, and produced copies of Extraordinary Occurrence Reports written during the time period Plaintiff alleges the assaults occurred. Plaintiff's allegation admits that Defendants entered his cell on "a cell entry." Plaintiff offers no evidence to refute Defendants' explanation that their efforts were necessary to gain control. Further, Plaintiff offers no evidence to establish the subjective component of an Eighth Amendment claim, that Defendants acted maliciously or sadistically to cause Plaintiff harm. Plaintiff has failed to present a genuine issue of material fact regarding whether the alleged assault by Defendants constitutes an Eighth Amendment claim. Therefore, summary judgment is proper.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED.

An appropriate order shall issue.